UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CARLOS PADILLA, et.al.            )
   Plaintiff,                      )
                        )
vs.                             )    Case No. 22-1217
                        )
J.B. PRITZKER, et.al.,           )
   Defendants                      )

CASE MANAGEMENT ORDER

JAMES E. SHADID, U.S. District Judge:

     This case was originally filed on behalf of 12 inmates, but it was unclear whether

any Plaintiff besides Carlos Padilla was aware of the complaint. [1].  Therefore, the

Court allowed additional time for the Plaintiffs to file an amended complaint clearly

signed by each Plaintiff "indicating they have reviewed the contents and intended to be

named as a Plaintiff." July 1, 2022 Text Order; *citing* Fed.R.Civ. P. 11 (a); (b).  In

addition, the potential Plaintiffs were advised they would each have to either pay the

filing fee in full or file a motion to proceed *in forma pauperis* (IFP).  Each Plaintiff was

further advised they were required to exhaust their administrative remedies for any

claims before filing a lawsuit. *See* July 1, 2022 Text Order.

     Plaintiffs have now filed a Motion for Leave to Amend the Complaint. [4].  In

addition, the Court has dismissed six Plaintiffs who stated they did not wish to be a

part of this lawsuit. *See* September 21, 2022 Text Order (Jonas Bond, LaMaurice

Shepherd); September 29, 2022 Text Order (Clark Pollard, Jumarcus Taylor, Montane

Bozeman): October 4, 2022 Text Order (Dennis Mertz).  The six remaining Plaintiffs

including Carlos Padilla, Everett Clinton, Keith Beard, Undra Bailey, Teon Williams, and Amando Sanders.

The Motion for Leave to File an Amended Complaint is granted pursuant to Federal Rule of Civil Procedure 15. [4]. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiffs' amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The Plaintiffs have identified the following Defendants: Illinois Governor J.B. Pritzker, Illinois Department of Corrections (IDOC) Director Rob Jeffreys, and Wardens Cheryl Hinthorne and Tiffanie Clark. Plaintiffs claim their constitutional rights were violated at Illinois River Correctional Center.

Plaintiffs state IDOC Director Jeffreys issued a directive on March 11, 2020 to wardens ordering each "to place the facility on Administrative Quarantine." (Amd. Comp., p. 6). "As a result of said quarantine the Plaintiffs and all Individuals in Custody in the facility have spent the past 28 months locked in their 'closet size' cell with another person, and with nothing to do but watch TV and become a bunk potato." (Amd. Comp, p. 6).[1]

---

[1] For clarification, although the Amended Complaint refers to "all Individuals in Custody," this lawsuit has not been certified as a class action and only pertains to the six remaining Plaintiffs. (Amd. Comp., p. 6)

In May of 2020, Plaintiffs claims Defendants Hinthorne and Clark "toured the Units where Plaintiffs' were housed" and told inmates Defendant Jeffries implemented the quarantine. The Plaintiffs claim they asked to file grievances but were told they could not because the order had originally come from Defendant Governor Pritzker.

During quarantine, Plaintiffs claim they were denied "[v]irtually all" outdoor recreation, law library services, access to cleaning, supplies, religious services, barber facilities, laundry services, phone calls, and commissary access. They also experienced delayed mail services, delayed or nonexistent grievance responses, limited ability to programs which awarded good time credits, limited medical or mental health care, and they were served non-nutritious meals that did not meet "daily caloric requirements." (Amd. Comp, p. 7). Therefore, Defendants allege Defendants Pritzker, Jeffreys, Hinthorne, and Clark violated the Plaintiff's First, Eighth and Fourteenth Amendment rights.

Plaintiffs also state Defendants Hinthorne and Clark did not follow unspecified CDC guidelines and therefore the Plaintiffs contracted COVID 19. (Amd. Comp., p. 7).

There are several problems with the Amended Complaint which make it difficult to decipher. First, the Amended Complaint alleges the Plaintiffs have been on continuous administrative quarantine since March 11, 2020. However, various grievances attached to the amended complaint contradict this statement. (Amd. Comp., p. 10, 11, 12, 17, 22). Instead, the grievances indicate quarantine was imposed intermittently and for distinct periods of time depending on COVID outbreaks at the facility.

3

Second, Plaintiffs claim forcing inmates to live in quarantine violates their constitutional rights. The COVID pandemic has clearly imposed "challenges within IDOC facilities" which resulted in "unprecedented, uncomfortable and difficult human experiences. However, placement in temporary quarantine or lockdown does not violate (plaintiff's) rights." *Bowyer v. Johnson*, 2022 WL 2867079, at *4 (S.D.Ind. July 21, 2022), *citing Lucien v. Fano*, 427 U.S. 215 (1976) ("Classification of inmates implicate neither liberty nor property interests....").

Perhaps Plaintiffs instead intended to state a claim based on general living conditions at Illinois River. However, due to the contradictory and vague claims, the Amended Complaint does not clearly allege extreme circumstances spanning a duration which could rise to the level of an Eighth Amendment violation. See *Bowyer,* 2022 WL 2867079, at *4. Inmates claims concerning the conditions of their confinement "will not rise to the level of a constitutional violation unless 'unquestioned and serious' and contrary to 'the minimal civilized measure of life's necessities.'" *Dunlop v. Bustos*, 2019 WL 2110285, at *2 (C.D.Ill. May 14, 2019), *quoting Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

In this case, Plaintiffs have simply provided a list of prison inadequacies with scant details. For instance, Plaintiffs state they were denied out of cell exercise and nutritious meals, but do not allege the denials had an impact on their health. *See i.e. Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir. 1996) ("[l]ack of exercise may rise to a constitutional violation in extreme and prolonged situations where movement is denied to the point that the inmate's health is threatened."); *Smith v. Dart*, 803 F.3d 304, 313 (7th

Cir. 2015) (no constitutional violation where plaintiff could exercise in cell and common areas); *see also Kelly v. Freeman,* 2008 WL 1803932, at *5 (N.D.Ind. April 17, 2008)(plaintiff does not allege or provide information from which the court could infer actual harm from meals served).

 In addition, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Instead, a complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Id.*

To state a First Amendment claim concerning religious practice, "a plaintiff must allege that the defendants personally and unjustifiably placed a substantial burden on his religious practices." *Williamson v. Thompson*, 2022 WL 1316473, at *6 (S.D.Ill May 3., 2022), *citing Thompson v. Holm*, 809 F.3d 376, 379 (7th Cir. 2016). Plaintiffs again provide little information except they were denied group services during periods of quarantine. *See Williamson*, 2022 WL 1316473, at *6 ("it is difficult to imagine that (religious) restrictions related to containing the virus were unjustified.").

Plaintiffs also include a vague claim that health care and mental health care is "virtually non-existent." (Amd. Comp., p. 7.)  To state an Eighth Amendment violation, Plaintiffs must allege they each suffered from a serious medical condition, and named Defendants were deliberately indifferent to that condition. *See Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008).

In addition, Plaintiffs have failed to state how any named Defendant was responsible for delaying or denying medical care.  Plaintiffs must "show that the defendants were personally responsible for the deprivation of their rights" to hold those individuals liable under Section 1983. *Wilson v. Warren Cty., Illinois*, 2016 WL 3878215, at *3 (7th Cir. 2016).  A Defendant is not liable simple because he or she is a supervisor. *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001)("The doctrine of *respondeat superior* (supervisor liability) does not apply to § 1983 actions).

Plaintiffs have also failed to state a claim based on problems receiving grievance responses.  "[P]rison officials incur no liability under § 1983 if they fail or refuse to investigate a prisoner's complaints or grievances." *Pryor v. Atkins*, 2021 WL 2454241, at *2 (S.D.Ill. June 16, 2021).  In addition, "[p]rison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [a prisoner's] grievances by person who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).

For the reasons stated, the Amended Complaint fails to clearly state a claim upon which relief can be granted.   The Court will allow one final opportunity to file an Amended Complaint addressing the noted deficiencies.  Any amended compliant must provide clear time frames, factual support for any allegation including the impact on Plaintiffs, and state how each Defendant was responsible.

Finally, the Seventh Circuit has advised courts to admonish pro se prisoners of the potential consequences for proceeding in a single lawsuit and "give them an

opportunity to drop out." *Boriboune v. Berge,* 391 F.3d 852, 856 (7th Cir.2004). The Court was initially unsure whether each Plaintiff knew they were included in the complaint. Therefore, it allowed the parties time to confirm their involvement and advised each they would be responsible for payment of the filing fee. *See* July 1, 2022 Text Order. However, the Court should have further advised Plaintiffs of other issues they each must consider in deciding whether they wish to continue combining their claims in one lawsuit.

For instance each Plaintiff: 1)"will be held legally responsible for knowing precisely what is being filed in the case on his behalf;"  2) "will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect of the case; " 3) will incur a strike pursuant to 28 U.S.C. § 1915(h) if the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.  *See Thompson v. Jeffreys,* 2022 WL 704300, at *2 (S.D.Ill. March 9, 2022).

In addition, "any proposed amended complaint, motion, or other document filed on behalf of multiple plaintiffs must be signed by each plaintiff." *Id.* at 3; *see also Lewis v. Lenc-Smith Mfg. Co.,* 784 F.2d 829, 831 (7th Cir. 1986); Fed. R. Civ. P. 11. Any future group motions or pleadings that do not comply with this requirement shall be stricken pursuant to Rule 11(a).

Therefore, all Plaintiffs except lead Plaintiff Carlos Padilla must advise the Court in writing whether they wish to continue with joint litigation, whether they prefer to sever their claims into a separate lawsuit, or whether they wish to withdraw from this action.

7

IT IS THEREFORE ORDERED:

1)  The Motion for Leave to File an Amended Complaint is granted pursuant to Federal Rule of Civil Procedure 15. [4].

2)  Pursuant to the merit review, the Amended Complaint is dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915A.

3) Plaintiffs Everett Clinton, Keith Beard, Undra Bailey, Teon Williams, and Amando Sanders must state in writing within 21 days or on or before November 11, 2022 whether they: a) wish to continue with this joint litigation, b) prefer to sever their claims into a separate lawsuit, or c) they wish to withdraw from this litigation.

4)  Within 35 days or on or before November 28, 2022, the Plaintiffs who wish to continue in the joint litigation must file an amended complaint addressing the deficiencies noted.

5) The Clerk of the Court is to reset the internal merit review deadline within 35 days of this order.

ENTERED this 20th day of October, 2022.


s/James E. Shadid

_____

JAMES E. SHADID
UNITED STATES DISTRICT JUDGE