UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CARLOS PADILLA, et.al. | ) | |
|    Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-1217 |
| | ) | |
| J.B. PRITZKER, et.al., | ) | |
|    Defendants | ) | |

CASE MANAGEMENT ORDER

JAMES E. SHADID, U.S. District Judge:

This case is before the Court for consideration of the Plaintiff's motion for leave to file a second amended complaint [33].

I. BACKGROUND

The Court dismissed the first complaint because it was not signed by all Plaintiffs. *See* July 1, 2022 Text Order. The Court also dismissed the first amended complaint because it failed to clearly state a claim upon which relief could be granted. *See* October 20, 2022 Case Management Order.

The Plaintiffs complained about their living conditions during quarantine at Illinois River Correctional Center. However, while the Plaintiff's stated they were placed in continuous administrative quarantine since March 11, 2022, the attachments to the complaint demonstrated "quarantine was imposed intermittently and for distinct periods of time depending on COVID outbreaks at the facility." October 22, 2022 Case Management Order, p. 3.

The Court also found forcing the inmates to live in temporary quarantine or lockdown did not violate their constitutional rights. *See* October 22, 2022 Case Management Order, p. 4.

Nonetheless, it was possible the Plaintiffs might be able to state a claim based on their living conditions if they provided additional information. Therefore, the Plaintiffs were given additional time to file a Second Amended Complaint and directions to assist them. Plaintiff were admonished the "amended compliant must provide clear time frames, factual support for any allegation including the impact on Plaintiffs, and state how each Defendant was responsible." October 22, 2022 Case Management Order, p. 6).

Finally, Plaintiffs were admonished of the potential consequences of choosing to proceed together in a single lawsuit. *See* October 22, 2022 Case Management Order, p. 6-7.

## II. MERIT REVIEW

Plaintiffs Carlos Padilla, Everett Clinton, Keith Beard, Undra Bailey, Teon Williams, and Armando Sander's Motion for Leave to File a Second Amended Complaint is granted pursuant to Federal Rule of Civil Procedure 15. [32]. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiffs' Second Amended Complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

1:22-cv-01217-JES   # 34   Page 3 of 10

The Plaintiffs have identified four Defendants including Illinois Governor J.B. Pritzker, Illinois Department of Corrections (IDOC) Director Rob Jefferies, Illinois River Warden Cherryl Hinthorne, and Illinois River Warden Tiffanie Clark.

Plaintiffs first claim the Governor signed an executive order authorizing quarantine sometime in March of 2020 in violation of their constitutional rights. In addition, on March 11, 2020, Defendant IDOC Director Jeffreys issued a directive to Illinois River Wardens to place the facility on quarantine which was a "pretext" for "lockdown." (Comp., p. 6). Plaintiffs appear to allege the lockdown was too severe, although later they seem to allege it was not sufficient since they each tested positive for COVID-19.

More important, Plaintiffs have not pointed to a specific directive or order, nor have they clearly articulated how the directive or order violated the constitution. Other inmates have sued claiming IDOC's measures to address the spread of coronavirus did not go far enough. Courts which have reviewed the specific provisions, including the Governor's directive on March 24, 2020 placing correctional facilities under administrative quarantine, found the measures were an appropriate response to the pandemic. *See i.e. Money v. Pritzker*, 453 F.Supp.3d 1103, 1132 (N.D.Ill April 10., 2020)("the actions of Defendants here in the face of the COVID-19 outbreak easily pass constitutional muster.").

The Plaintiffs have not clearly articulated a claim against either the Governor or the IDOC Director based on an executive order or directive. Instead, the Plaintiffs appear to have two main claims. First, each Plaintiff claims they tested positive for

3

COVID-19, and most requested medical care, but were ignored. All six Plaintiffs claim they suffer from "long hauler" symptoms. (Comp., p. 8, 9, 11,12,13). However, Plaintiffs do not indicate who refused medical care, nor do they clearly identify a Defendant. Plaintiffs have failed to articulate a claim.

Plaintiffs next allege, despite any order or directive, the Illinois River Wardens continued lockdown provisions for two years, even when any COVID threat had waned. To articulate an Eighth Amendment claim, a plaintiff must allege "the conditions of his confinement resulted in the denial of the minimal civilized measure of life's necessities, and that the defendants were deliberately indifferent to the conditions in which he was held." *Gruenber v. Gempeler*, 697 F.3d 573, 579 (7th Cir. 2012)(internal citation omitted).

Plaintiffs claim they were only allowed very limited out of cell time, limited visitation, scant cleaning supplies, delayed mail, and meals which did not meet nutritional standards. As a result, the Plaintiff's suffered physical and mental health issues.[1] Plaintiffs also claim the reported their complaints to both Defendant Wardens.

The Plaintiffs also say the Wardens denied their First Amendment rights and rights pursuant to the Religious Land use and Institutionalized Persons Act (RLUIPA) when they were denied all religious services for two years.[2]

---

[1] While some Plaintiffs also appear to allege they were denied mental health services, they have failed to state a separate claim. Plaintiffs do not state when they requested the services, how they requested the services, and who denied the services. *See* October 20, 2022 Merit Review order, p. 5.

[2] Plaintiffs do not mention RLUPIA, 42 U.S.C. §§ 2000cc *et seq,* but they are proceeding *pro se* and in such cases courts interpret the free exercise claim to include the statutory claim. See *Ortiz v. Downey*, 561 F.3d 664, 670 (7th Cir. 2009)

Finally, Plaintiffs claim they were denied access to legal materials which prevented from pursuing specific, nonfrivolous claims. *See Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

The Court has previously advised Plaintiffs their complaints concerning the grievance process do not rise to the level of a constitutional violation. *See* October 20, 2022 Merit Review Order, p. 6.

In addition, Plaintiffs' vague and unsupported allegation that the Defendant Governor profited from COVID tests does not articulate a constitutional violation.

The Court will therefore dismiss Defendants Governor Pritzker and IDOC Director Jefferies for failure to state a claim upon which relief can be granted. Plaintiffs may proceed with their claims alleging Defendant Wardens Hinthorne and Clark violated their constitutional rights based on their living conditions, lack of religious services, and lack of law library access.

### III. MOTION FOR COUNSEL

Plaintiffs have also filed a motion for appointment of counsel. [3]. In considering Plaintiffs' motion, the Court considered two questions. First, "has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so." *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). Plaintiffs have demonstrated some attempt to find counsel. [33].

5

Second, the Court determines "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Pruitt,* 503 F.3d at 655.

Further complicating the issue, the Court cannot require an attorney to accept *pro bono* appointment in a civil case.  The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

> Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases. District courts are thus placed in the unenviable position of identifying, among a sea of people lacking counsel, those who need counsel the most. *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014).

Ultimately "[t]he question is not whether a lawyer would present the case more effectively than the *pro se* plaintiff; if that were the test, district judges would be required to request counsel for every indigent litigant." *Pruitt,* 503 F.3d at 655 (internal quotation omitted). Instead, the test is whether the litigant is competent to litigate his own claims. *Id.*

Plaintiffs' claims are not complex.  Plaintiffs are capable of describing their living conditions and its impact on them.  Plaintiffs should also be able to obtain medical records during discovery demonstrate any specific impact on their mental or physical health.  Plaintiffs are further capable of describing their attempts to gain access to the law library, the responses received, and the impact on potential litigation.  Finally, Plaintiffs have already stated their religious affiliation and the denial of services.

This is not a class action lawsuit, and Plaintiffs are not entitled to an attorney simply because they chose to join their claims in one lawsuit. Furthermore, some of the Plaintiffs have previous litigation experience.

Once the Defendants are served, the Court will enter a Scheduling Order providing information to assist the pro se Plaintiffs and requiring each side to provide relevant discovery. At this stage of the proceedings, the Plaintiffs appear competent to represent themselves and the motion is denied. [33].

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the Second Amended Complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiffs allege Defendants Illinois River Correctional Center Wardens Hinthorne and Clark:

> a) Violated their Eighth Amendment rights based on their living conditions from March of 2020 to the filing of their lawsuit. Plaintiffs allege they were only allowed very limited out of cell time, limited visitation, scant cleaning supplies, delayed mail, and meals which did not meet required nutritional standards;
>
> b) Denied their First Amendment rights and rights pursuant to the Religious Land use and Institutionalized Persons Act (RLUIPA) when the Plaintiffs were denied all religious services for two years
>
> c) Violated their right of access to the Court when the Plaintiffs were denied access to legal materials and prevented from pursuing specific, nonfrivolous claims

The claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent

pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Grant Plaintiffs' Motion for Leave to File a Second Amended Complaint, [32]; 2)Dismiss Defendants Governor Pritzker and IDOC Director Jefferies for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 3) Deny Plaintiffs' motion for appointment of counsel [33]; 4) Attempt service on Defendants pursuant to the standard procedures; 5) Set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 6) Enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 13th day of February, 2023.

s/James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE